UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| GREGORY PAUL VIOLETTE, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | No. 1:21-cv-00292-LEW |
| MCKEE FOODS, | ) ) ) | |
| Defendant(s) | ) | |

**ORDER ON MOTION TO REMAND**

Gregory Paul Violette filed suit against McKee Foods in Maine Superior Court, requesting punitive/exemplary damages in the amount of $550,000 because he has been eating Drake's Fruit Pies for the past few years and has gained over 30 pounds, which weight gain he attributes to the high fructose corn syrup McKee Foods uses as an ingredient in its pies. He says McKee Foods is liable to him based on Maine products liability and false advertising law.

McKee Foods removed the case from the Superior Court to the United States District Court and now seeks dismissal of the claims. Motion to Dismiss (ECF No. 6). Violette thinks removal was improper and has filed a Motion for Remand (ECF No. 8/9).

The asserted basis for the Court's jurisdiction is the diversity jurisdiction statute. *Id.* § 1332. For a defendant to remove to federal court an action filed against it in state court, based on diversity, the defendant must not be domiciled in the forum state, must be domiciled in a state different from the plaintiff, and the complaint must present a controversy that exceeds the sum or value of $75,000. 28 U.S.C. §§ 1332, 1441.

Violette's complaint indicates he is domiciled in Waterville, Maine, but makes no statement concerning the domicile of McKee Foods. Through its removal petition, McKee Foods

indicates that it is a Tennessee corporation with a principle place of business in Collegedale, Tennessee. Notice of Removal ¶ 3. Violette does not contest that the parties have diverse citizenship. What Violette contests is McKee Foods' assertion that his complaint raises a controversy with a sum or value in excess of $75,000. On that issue, although Violette says in his complaint that he should recover $550,000,[1] in the Motion to Remand he says his claim does not really have that value because an award in that amount would be for punitive/exemplary damages. Motion to Remand 1. Violette's opposition to removal is not helpful, but his opposition to removal nonetheless is justified.

Contrary to Violette's contention, "[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assur. Soc. of Montgomery*, Ala., 320 U.S. 238, 240 (1943). However, Maine law allows punitive damages only for acts of malice or acts that are so outrageous that malice is implied. *Tuttle v. Raymond*, 494 A.2d 1353, 1361 (Me. 1985). Also, "[u]nder Maine law, an award of punitive damages must bear a relationship to the nature and extent of the wrong." *Ehrenfeld v. Webber*, 499 F. Supp. 1283, 1292 (D. Me. 1980) (citing *Farrell v. Kramer*, 159 Me. 387, 391, 193 A.2d 560, 562 (1963)). As Magistrate Judge Nivison observed in a recommended decision in *Kyricos v. Mary's Gone Crackers*, 1:15-CV-224-JAW, 2015 WL 13548155 (Sept. 29, 2015):

> "[I]n computing [the] jurisdictional amount, a claim for punitive damages is to be given   closer scrutiny ... than a claim for actual damages." *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1034 n. 1 (2d Cir. 1972); *see also Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("[W]hen it appears that [a punitive damage claim] comprises the bulk of the amount in controversy and may have been colorably asserted or primarily for the purpose of conferring jurisdiction, that claim should be given particularly close scrutiny.")

---

[1] Plaintiff's demand for a certain dollar recovery is not controlling. In fact, Maine law prohibits the inclusion of a demand for a dollar amount in a complaint filed in state court. 14 M.R.S. § 52.

In *Kyricos*, the Court considered a claim for punitive damages based on the allegation that the food manufacturer defendant knew of a defective manufacturing process that resulted in the plaintiff's injury – a broken tooth. Although the Court was willing to conclude that a punitive damages award was not out of the question, he still found that the amount in controversy did not exceed $75,000. Here, Violette's complaint does not include any factual allegations that would suggest the existence of grounds for an award of punitive damages. On the facts alleged by Violette, an award of punitive damages is a pie-in-the-sky fantasy.

The question thus becomes whether the controversy alleged in the complaint could result in a recovery of compensatory damages in excess of $75,000. As the party advocating in favor of this Court's justisdiction, McKee Foods needs to establish "that it is not a legal certainty that the claim involves less than the jurisdictional amount." *Mojtabai v. Mojtabai*, 4 F.4th 77, 83–84 (1st Cir. 2021) (quoting *Dep't of Recreation & Sports v. World Boxing Ass'n*, 942 F.2d 84, 88 (1st Cir. 1991)). A more plainspoken way of framing the inquiry is to ask "whether to anyone familiar with the applicable law this claim could objectively have been viewed as worth [the jurisdictional minimum]." *Coventry Sewage Assocs. v. Dworkin Realty Co.*, 71 F.3d 1, 6 (1st Cir. 1995) (quoting *Jimenez Puig v. Avis Rent-a-Car Sys.*, 574 F.2d 37, 40 (1st Cir. 1978)). Yet another way of approaching the issue, customarily employed by district courts in this circuit, is to "require[] the defendant to show by a preponderance of the evidence" that the amount in controversy exceeds the jurisdictional requirement. *Doughty v. Hyster New England, Inc.*, 344 F. Supp. 2d 217, 219 (D. Me. 2004).

When I apply the *Coventry* standard, it strikes me that nobody familiar with the applicable law would believe that the controversy generated by Violette's complaint has a value in excess of $75,000. And when I apply the *Doughty* standard, I am impressed that there is nothing suggested by McKee Foods in the way of evidence that would justify a contrary conclusion by a

preponderance of the evidence. The value of a claim for compensatory damages by a plaintiff who overeats pies containing high fructose corn syrup, assuming such a claim even reached a finder of fact, does not exceed $75,000. Furthermore, Maine's comparative fault statute may dramatically reduce if not eviscerate the value of any recovery in the unlikely event that Violette receives a favorable verdict. 14 M.R.S. § 156; *Austin v. Raybestos-Manhattan, Inc.*, 471 A.2d 280 (Me. 1984) (comparative negligence statute applies to product liability claims).

Because subject matter jurisdiction is wanting in this case, Violette's Motion to Remand is GRANTED pursuant to 28 U.S.C. § 1447(c). McKee Foods' Motion to Dismiss will be reserved on the docket for the Superior Court's consideration.

**SO ORDERED.**

Dated this 20th day of December, 2021.

                                                              /s/ Lance E. Walker
                                            UNITED STATES DISTRICT JUDGE